# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| TRACKTHINGS LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 6:23-cv-00133-ADA |
| AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and EERO LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**DEFENDANTS' OPPOSED MOTION TO DISMISS FOR IMPROPER VENUE,
FAILURE TO STATE A CLAIM, AND TO TRANSFER VENUE
TO THE NORTHERN DISTRICT OF CALIFORNIA**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................1

FACTUAL BACKGROUND................................................................................2

ARGUMENT ......................................................................................................4

I.  THE CLAIMS AGAINST AMAZON.COM, INC. AND EERO CANNOT
    PROCEED IN THIS DISTRICT. ............................................................4

    A.  Amazon.com, Inc. and eero do not reside in Texas. ...................5

    B.  Neither Amazon.com, Inc. nor eero have regular and established
        places of business in this District................................................5

    C.  Amazon.com, Inc. has committed no acts of alleged infringement
        in this or any other judicial district. ..........................................9

II. THE COURT SHOULD TRANSFER ANY REMAINING CLAIMS TO
    THE NORTHERN DISTRICT OF CALIFORNIA....................................10

    A.  TrackThings could have filed its claims against eero and Amazon
        Services in the Northern District of California. .........................11

    B.  The private interest factors favor transfer..................................12

        1.  The most likely sources of proof are in the San Francisco
            Bay Area. ........................................................................12

        2.  The availability of compulsory process to secure the
            attendance of non-party witnesses strongly favors transfer...........13

        3.  The convenience and cost of attendance for willing
            witnesses heavily favors transfer. ...................................15

        4.  The judicial efficiency factor is neutral, but only because of
            TrackThings' discovery failures. ....................................16

    C.  The public interest factors favor transfer. .................................17

        1.  The court congestion factor does not weigh against transfer.........18

        2.  The Northern District of California has a far greater interest
            in deciding this case than this Court. .............................18

        3.  The familiarity with governing law and potential conflicts
            of law factors are still neutral.........................................19

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page(s)**

III.     CONCLUSION........................................................................................................20

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Affinity Labs of Tex., LLC v. Blackberry Ltd.*,
  No. 6:13-cv-362, 2014 WL 10748106 (W.D. Tex. June 11, 2014) ..................................13, 19

*Affinity Labs of Tex., LLC v. Samsung Elecs. Co*,
  No. 6:13-CV-364, 2014 WL 12570501 (W.D. Tex. June 11, 2014) .....................................16

*Auto-Dril, Inc. v. Canrig Drilling Tech. Ltd.*,
  No. 6:15-cv-00096, 2015 WL 13691866 (W.D. Tex. May 22, 2015) ...................................18

*Celgene Corp. v. Mylan Pharm., Inc.*,
  17 F.4th 1111 (Fed. Cir. 2021) .......................................................................................7, 10

*Collaborative Agreements, LLC v. Adobe Sys. Inc.*,
  No. 1-14-CV-365-LY, 2015 WL 10818739 (W.D. Tex. Aug. 21, 2015)..............................11

*DataQuill, Ltd. v. Apple Inc.*,
  No. A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ................................12

*eRoad Ltd. v. PerDiemCo LLC*,
  No. 6:19-CV-00026-ADA, 2019 WL 10303654 (W.D. Tex. Sept. 19, 2019) ........................5

*Flexiworld Techs., Inc. v. Amazon.com, Inc.*,
  No. 6:20-cv-00553-ADA, Dkt. 101 (W.D. Tex. Aug. 2, 2021).......................................11, 19

*Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*,
  No. 12-cv-1724-SLR, 2013 WL 3381258 (D. Del. July 8, 2013) .........................................10

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.*,
  W-21-cv-000172-ADA, 2022 WL 432558 (W.D. Tex. Feb 11, 2022) ...........................5, 7, 8

*Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*,
  No. 6:19-cv-00355-ADA, 2020 WL 6136783 (W.D. Tex. Mar. 30, 2020)............................18

*In re Apple Inc.*,
  581 F. App'x 886 (Fed. Cir. 2014) .....................................................................................14

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020)...........................................................................................18

*In re Apple Inc.*,
  No. 2021-181, Dkt. 13 (Fed. Cir. Nov. 15, 2021)..........................................................15, 19

## TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017).................................................................5, 6, 7

*In re Dish Network L.L.C.*,
  No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021)....................14

*In re Genentech*,
  566 F.3d 1338 (Fed. Cir. 2009)................................................13, 16, 18

*In re Google LLC*,
  No. 2022-140, 2022 WL 1613192 (Fed. Cir. May 23, 2022)....................16

*In re Google*,
  No. 2021-171, 2021 WL 4592280 (Fed. Cir. Oct. 6, 2021)......................19

*In re Hoffman-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)..............................................................18

*In re Hulu, LLC*,
  No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ...................13

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (Fed. Cir. 2021) ...............................................12, 15, 18

*In re Netflix, Inc.*,
  No. 2022-110, Dkt. 16 (Fed. Cir. Jan. 20, 2022) .............................12, 14

*In re Nintendo of Am., Inc.*,
  756 F.3d 1363 (Fed. Cir. 2014)..............................................................11

*In re Nintendo Co.*,
  589 F.3d 1194 (Fed. Cir. 2009)........................................................11, 16

*In re Pandora Media, LLC*,
  No. 2021-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021)...................15

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) .................................................................11

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008)..............................................................15

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010)..............................................................16

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) .......................................................10, 15, 19

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page(s)**

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ...........................................................................................12, 17

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018)..........................................................................................4

*InfoGation Corp. v. Google LLC*,
    No. 6:20-CV-00366-ADA, 2021 WL 5547070 (W.D. Tex. Apr. 29, 2021) .........................18

*IngenioShare, LLC v. Epic Games, Inc.*,
    No. W-21-CV-00663-ADA, 2022 WL 827808 (W.D. Tex. Mar. 18, 2022)...........................8

*LG Elecs., Inc. v. Asustek Computs.*,
    126 F. Supp. 2d 414 (E.D. Va. 2000) ...................................................................................11

*Optic153 LLC v. Thorlabs Inc.*,
    No. 6:19-cv-667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020)................................4

*Orinda Intell. Props. USA Holding Grp., Inc. v. Sony Corp.*,
    No. 2:08-CV-323, 2009 WL 3261932 (E.D. Tex. Sept. 29, 2009).......................................19

*Pers. Audio, LLC v. Google, Inc.*,
    280 F. Supp. 3d 922 (E.D. Tex. 2017) ...................................................................................5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017)...................................................................................................1, 5

*TrackThings LLC v. Amazon.com, Inc.*,
    No. 6:21-cv-00720, 2022 WL 1462204 (W.D. Tex. May 9, 2022) ............................... *passim*

*XY, LLC v. Trans Ova Genetics, LC*,
    No. W-16-CA-00447-RP, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ..............................12

**STATUTES**

28 U.S.C. § 1400(b) .............................................................................................................1, 4, 5, 9

28 U.S.C. § 1404(a) ...........................................................................................................2, 10, 11, 15

28 U.S.C. § 1406(a) ...........................................................................................................................9, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(3)...................................................................................................................1, 9, 10

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1, 10

**TABLE OF AUTHORITIES**
**(CONTINUED)**

**Page(s)**

Fed. R. Civ. P. 45(c)(1)(A) ...........................................................................................................13

## INTRODUCTION

This is the second case filed in this District by TrackThings against Amazon and eero.  The Court dismissed the first case, because TrackThings, after litigating for 18 months, produced on the eve of the fact discovery cutoff evidence that it did not own the patents it asserted.  TrackThings then filed this case, asserting the same patents against the same parties.  But like the first case, this one should never have been filed in this District.

For two of the defendants—Delaware corporations Amazon.com, Inc. and eero LLC—the case *cannot* proceed in this District as a matter of law, as doing so would violate the patent venue statute, 28 U.S.C. § 1400(b).  The Court concluded before that Amazon.com, Inc. is a holding company that operates exclusively through subsidiaries.  *TrackThings LLC v. Amazon.com, Inc.*, No. 6:21-cv-00720, 2022 WL 1462204, at *3 (W.D. Tex. May 9, 2022) ("Transfer Order").  Because, based on the Court's ruling, Amazon.com, Inc. has no operations of its *own*, it cannot possibly have a regular and established place of business in the Western District of Texas, or have committed alleged acts of infringement in the District.  The claims against Amazon.com, Inc. must therefore be dismissed under Rule 12(b)(3) for improper venue.  28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516 (2017).  And because Amazon.com, Inc. cannot itself commit any acts of alleged infringement—in any judicial district— the claims against it should *also* be dismissed for failure to state a claim under Rule 12(b)(6).

TrackThings also cannot establish proper venue over eero because eero does not have any physical location in this District.  TrackThings identifies none in its Complaint.  It points only to locations of Amazon.com *Services LLC* or eero's remote employees in the District.  Neither is a regular and established place of business of eero as a matter of law.  The claims against eero must therefore be dismissed for improper venue under Rule 12(b)(3).

And separate from the venue defects that doom TrackThings' claims against Amazon.com,

Inc. and eero, this case has no connection to Waco, Texas and should be transferred to the Northern District of California under 28 U.S.C. § 1404(a).  None of the parties to the case has any *relevant* presence in this District.  The only defendant with any presence here, Amazon.com Services LLC—named as a defendant only because it sells the accused eero products—has no *relevant* witnesses or documents here.  Indeed, the accused eero technology on which this case will focus was designed and developed by eero engineers primarily in Northern California, where both Amazon and eero have a significant presence, where most of the relevant eero witnesses reside, and where nearly all of the technical documents are maintained.  TrackThings is based in New Jersey, where its two officers Thaddeus and Helen Gabara live, and admits its only interest here is the Court's relatively accelerated case schedules.  The convenience factors heavily favor transfer to the Northern District of California.  The Court should dismiss Amazon.com, Inc. and eero from this case, and should transfer any claims that remain to the Northern District of California.

## FACTUAL BACKGROUND

TrackThings filed its complaint against Amazon.com, Inc., Amazon.com Services LLC, and eero LLC on February 17, 2023, alleging infringement of U.S. Patent Nos. 9,642,017, 9,332,442, and 10,107,893 by eero's mesh networking products.[1](Dkt. 1 ("Compl.") at 1.)

Each defendant is incorporated in Delaware.  (*Id.* ¶¶ 2–4.)  Amazon.com, Inc., though nominally headquartered in Seattle, Washington (Compl. ¶ 2) is, as the Court already found, a holding company that operates exclusively through its subsidiaries, including Amazon.com Services LLC ("Amazon Services") and eero LLC ("eero").  (Declaration of Eric Young ("Young Decl.") Ex. 1 ("Transfer Order") at *3; Declaration of Sara Rawson ("Rawson Decl.") ¶ 3;

---

[1] TrackThings filed an earlier case against the same parties and asserting the same patents. (*See TrackThings*, Dkt. 1.)  The Court dismissed that case for lack of standing on February 17, 2023.  (Feb. 17 Hrg. Tr. at 31:4–5.)  TrackThings filed its Complaint in this case the same day.

Declaration of Dana Lindsay ("Lindsay Decl.") ¶ 4.)  Amazon Services operates the Amazon retail website and sells the accused products throughout the United States.  (Rawson Decl. ¶¶ 4–5.) Amazon Services also owns and operates Amazon's nationwide network of fulfillment centers, including one in Waco, Texas.  (*See id*. ¶ 7.)  Though Amazon *Services* has an office at 11501 Alterra Parkway in Austin, Texas, it is *not* the place of business of Amazon.com, Inc., which has no operations at all, or eero, which has no employees and conducts no business there.  (*See id.* ¶ 6; Lindsay Decl. ¶ 11.)  Amazon Services, though headquartered in Seattle, has a significant presence in the San Francisco Bay Area, including 16 offices and a third of its North American workforce.  (Compl. ¶ 3; Young Decl. Ex. 2.)

Amazon acquired eero in 2019.  (Lindsay Decl. ¶ 4.)  eero continues to operate independently, and has its corporate headquarters in San Francisco, California.  (*Id*. ¶ 3; Compl. ¶ 4.) eero's product development, engineering, and sales and marketing functions are each managed and run by teams in eero's San Francisco headquarters.  (Lindsay Decl. ¶ 6.)  It has no product engineering teams in Texas.  (*Id.* ¶ 8.)  Instead, the accused eero products are designed and developed by eero engineers predominantly in the San Francisco Bay Area, which is where they generate and keep physical documents.  (*Id*. ¶¶ 7.)  eero maintains its electronic documents primarily on servers in Oregon or on servers operated by third parties like Google and Salesforce and stores its source code in repositories operated by third-party Github.  (*Id*.)  eero has no formal presence in the state of Texas or this District:  it does not own, lease, or operate offices or facilities in Texas and has no plans to open any.  (*Id.* ¶¶ 9, 11, 14–15, 17.)

eero has no relevant presence in this District.  It has 84 remote employees in the state, but most work in customer support roles and have nothing to do with the technical design and development of the accused eero technology.  (*Id.* ¶¶ 10, 13.)  eero does not require its remote employees to live in this District or near any particular physical office.  (*Id.* ¶¶ 10, 12, 14–16.)

eero's remote employees may move and work from other eero locations, including eero's offices in San Francisco, if necessary. (*Id*.) eero has no expectation that these remote employees work from a specific physical office in this District. (*Id*. ¶¶ 10, 12.) eero does not own, lease, or control any of its employees' homes, including those of the remote Texas employees. (*Id*. ¶ 14.) eero does not advertise its employees' homes as places of business and does not deliver or store inventory there for sale or distribution. (*Id*. ¶¶ 14–15.) eero does not currently have job postings for positions in Waco or Austin—any eero job listings open to Texas residents are for locations titled "USA, TX, Virtual Location" and are not associated with a physical office in Waco or Austin. (*Id*. ¶ 16; *see also* Young Decl. Ex. 19.)

TrackThings also has no connection to this District. It is a New Jersey limited liability company with its principal place of business in Murray Hill, New Jersey. (Compl. ¶ 1.) TrackThings' only representatives in the first case—its founder and a "semi-retired" patent agent Thaddeus Gabara and his wife Helen Gabara—are based in New Jersey. (Compl. ¶ 28; Young Decl. Exs. 3–5.) TrackThings has no offices or employees in the Western District of Texas. (*See* Compl.) Nor does it have any business aside from patent licensing and litigation. (*See* Young Decl. ¶ 5, Ex. 6.) Indeed, TrackThings admitted in the earlier case that its only "interest" in litigating in Waco is its "preference" for the Court's faster schedules. (*See id*., Ex. 7 at 5.)

## ARGUMENT

## I.   THE CLAIMS AGAINST AMAZON.COM, INC. AND EERO CANNOT PROCEED IN THIS DISTRICT.

Plaintiff TrackThings "bears the burden of establishing proper venue" under 28 U.S.C. § 1400(b). *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-cv-667-ADA, 2020 WL 3403076, at *1 (W.D. Tex. June 19, 2020). In patent cases, venue is proper in the judicial district (1) where the defendant resides; or (2) where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C.

§ 1400(b); *TC Heartland*, 137 S. Ct. at 1516.  Courts must assess venue as of the filing date of the complaint.  *See eRoad Ltd. v. PerDiemCo LLC*, No. 6:19-CV-00026-ADA, 2019 WL 10303654, at *6 (W.D. Tex. Sept. 19, 2019); *see also Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 931 (E.D. Tex. 2017).  TrackThings cannot meet its burden of establishing venue over Amazon.com, Inc. or eero.

### A.     Amazon.com, Inc. and eero do not reside in Texas.

"[A] domestic corporation 'resides' only in its State of incorporation."  *TC Heartland*, 137 S. Ct. at 1517.  TrackThings admits that Amazon.com, Inc. and eero are incorporated, and thus reside, in Delaware, not Texas.  (Compl. ¶¶ 2–3.)  TrackThings thus cannot establish venue under the first prong of § 1400(b).

### B.     Neither Amazon.com, Inc. nor eero have regular and established places of business in this District.

Nor can TrackThings establish venue over Amazon.com, Inc. and eero under the second prong of the venue statute.  The Federal Circuit has established "three general requirements" for assessing whether a defendant has a "regular and established place of business" in a judicial district: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."  *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  "All of these requirements must be present" and "[i]f any statutory requirement is not satisfied, venue is improper under § 1400(b)."  *Id.* at 1360, 1362.  "When determining whether a place is 'regular' and 'established,' courts consider the permanence of the location, whether the activity at the location is sporadic, and, if the place is an employee's home, whether the employee can move out of the district without the approval of his employer."  *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, W-21-cv-000172-ADA, 2022 WL 432558, at *4 (W.D. Tex. Feb 11, 2022).  TrackThings cannot meet its burden of establishing that Amazon.com, Inc. and eero have a regular and established place of business in the Western District of Texas.

As the Court found before, "Amazon.com, Inc. is a holding company that operates *exclusively* through its subsidiaries (which include the two co-defendants)." Transfer Order at *3 (emphasis added). As a pure holding company with no operations, Amazon.com, Inc. does not have a physical presence of its own in Texas. *See In re Cray*, 871 F.3d at 1360 (for venue to be proper, defendant must have "a physical place in the district" and "it must be the place of the defendant"). That Amazon.com, Inc. is not even registered to do business in Texas confirms this. (Young Decl. ¶ 7.) eero has no physical presence in Texas either. Based on the sworn testimony of eero COO Dana Lindsay, eero does not own, lease, or operate any offices or facilities in the State of Texas. (Lindsay Decl. ¶¶ 3, 9–12, 14–17.) Thus, neither Amazon.com, Inc. nor eero have regular and established places of business in the State of Texas, and TrackThings cannot establish proper venue in this District.

TrackThings' allegations, most of which do not distinguish between the defendant entities, do not establish proper venue over Amazon.com, Inc. and eero. TrackThings alleges that "Defendants have a regular and established place of business" in this District, but the only physical places it points to are a "Tech Hub" at 11501 Alterra Parkway in Austin and a fulfillment center in Waco. (Compl. ¶¶ 9, 12, 14–15.) Neither allegation is sufficient. Amazon *Services*—not Amazon.com, Inc. or eero—operates office space at the "Tech Hub" at 11501 Alterra Parkway in Austin, Texas.[2] (Rawson Decl. ¶ 6; Lindsay Decl. ¶ 11.) And while certain Amazon subsidiaries operate at that office, eero is not one of them—it has no employees and conducts no business there. (Lindsay Decl. ¶ 11.) Amazon *Services* also operates the Waco fulfillment center. (Rawson Decl. ¶ 7.) eero does not own, lease, conduct business, or have employees there. (Lindsay Decl. ¶ 17.)

---

[2] TrackThings alleges that "Amazon has admitted that its Tech Hub is a regular and established place of business in this District." (Compl. ¶ 15.) But it provides no support for this statement, let alone any facts showing that Amazon.com, Inc. or eero owned and operated this facility.

Neither location is a regular and established business of Amazon.com, Inc. or eero.  *In re Cray*, 871 F.3d at 1362.

TrackThings further alleges that venue is proper in this District because "Defendants . . . have thousands of employees, including over a dozen eero employees" near Austin and "over 100 employees" near Waco.  (Compl. ¶¶ 12, 15.)  It points to postings on the Amazon and eero websites for jobs in this District and LinkedIn profiles identifying Amazon and eero employees in this District.  (*Id.* ¶¶ 12, 15–18.)  This too is insufficient: "it is not enough 'that there exists within the district a physical location where an employee of the defendant carries on certain work for his employer.'"[3]*Celgene Corp. v. Mylan Pharm., Inc.*, 17 F.4th 1111, 1123 (Fed. Cir. 2021) (quoting *Cray*, 817 F.3d at 1366).

Nor could the homes of eero's remote Texas employees be a regular and established business of either eero or Amazon.com, Inc.  To determine whether a place is a defendant's and not the place of the defendant's employee, courts consider several factors including:

> (1) whether the defendant owns or leases the place; (2) whether the defendant exercises other attributes of possession or control over the place; (3) whether the defendant conditioned the employee's employment on continued residence in the district; and (4) whether the home was used to store, distribute, or sell the defendant's goods.  Courts will also consider a defendant's own representations, including: (1) whether marketing and advertisements hold the homes out as a place for business; (2) whether the defendant lists the home on its website or in a telephone directory; and (3) whether the defendant's name is on a sign associated with the building . . . [and] the defendant must "actually engage in business from that location."

*GreatGigz*, 2022 WL 432558, at *5 (quoting *Cray*, 817 F.3d at 1363–64).  None of these factors apply here.  eero does not own, lease, or control its employees' homes.  (Lindsay Decl. ¶ 14.)  eero does not control its employees' location or mobility within or outside this District, does not

---

[3] LinkedIn profiles, without more, are "too speculative to show ratification of [employees'] addresses as [defendants'] places of business (much less that the employees themselves regularly conducted business specifically at their homes)."  *Celgene Corp.*, 17 F.4th at 1123.

condition employment with the company on an employee's residence here, and does not hire with an expectation that employees will work from a particular office here.  (*Id.* ¶¶ 10, 12.)  eero does not even require remote employees to live within a certain distance of an Amazon office.  (*Id.*)  eero does not hold out its employees' homes as its own places of business.  (*Id.* ¶¶ 10, 14–15.)  And it has not encouraged employees to place eero signs, conduct walk-up business, or store inventory at their homes.  (*Id.* ¶¶ 14–15.)

In *GreatGigz*, this Court dismissed a case for improper venue on similar facts.  There, the plaintiff based its venue allegations on an Austin office the defendant leased at one time, but dropped during the pandemic, after which employees began to work from home.  The prior lease, the plaintiff argued, demonstrated a need for workers in the area and employees' homes therefore served as ZipRecruiter's regular and established places of business.  The Court rejected these arguments and dismissed the case for improper venue.  In doing so, the Court noted that:  (1) the employees' homes were not under ZipRecruiter's control; (2) ZipRecruiter did not own or pay for the homes; (3) ZipRecruiter did not sell, distribute, or store goods in the homes, or hold out its employees' homes as its own place of business; (4) ZipRecruiter did not condition employment on an employee's continued residence in the district; and (5) ZipRecruiter affirmatively stated that it had no plans to open a Texas office.  *GreatGigz*, 2022 WL 432558, at *2–6; *see also IngenioShare, LLC v. Epic Games, Inc.*, No. W-21-CV-00663-ADA, 2022 WL 827808, at *4 (W.D. Tex. Mar. 18, 2022) (venue improper where employer did not require its Austin-based remote workers to have homes in the Western District and employees were free to work remotely from or relocate to other states or districts within Texas).  The same facts exist here, and the Court's holding in *GreatGigz* applies with equal force.

Finally, TrackThings alleges that venue is proper because "Defendants" post job listings in this District.  (Comp. ¶ 16.)  This allegation is insufficient because the postings identified in the

complaint advertise jobs for *Amazon Services*, but none for Amazon.com, Inc. or eero.  (*See* Young Decl. ¶ 8, Exs. 8–10.)  And eero's hiring page does not list jobs at physical locations in the Western District of Texas—people living in this District may apply for eero's job postings, but the listings describe the positions as "virtual," *i.e.*, not tethered to an Austin or Waco office.  (Lindsay Decl. ¶ 16; Young Decl. ¶ 18, Ex. 19.)  TrackThings thus does not, and cannot establish, that either Amazon.com, Inc. or eero has a regular and established place of business in this District.  Its claims must be dismissed for improper venue under Rule 12(b)(3).[4]

### C.   Amazon.com, Inc. has committed no acts of alleged infringement in this or any other judicial district.

To establish proper venue over Amazon.com, Inc. under the second prong of the patent venue statute, TrackThings must establish not only that Amazon.com, Inc. has a regular and established business in this District, but also that it has committed acts of alleged infringement in this District.  28 U.S.C. § 1400(b).  It cannot do so here because, as the Court already held, Amazon.com, Inc. is a holding company operating only through subsidiaries.  Transfer Order at *3.

TrackThings vaguely alleges that "Defendants" infringe the asserted patents by "working in concert" and by "making, using, importing, offering to sell and selling products and/or services that infringe" and "distributing advertising, promoting, and otherwise commercializing" infringing products in this District.[5]  (Compl. ¶¶ 7–8, 10–11, 14.)  It admits, however, that the accused

---

[4] The Court may transfer the case in lieu of dismissal under § 1406(a).  If the Court considers this option, Defendants request transfer to the Northern District of California, for the reasons set forth in Section II, below.

[5] The Court should reject any attempt by TrackThings to establish venue under an "alter ego" theory.  In its Transfer Order, the Court declined to "impute the acts of the subsidiaries eero and Amazon Service[s] to Amazon.com, Inc. to establish venue."  Transfer Order at *3.  As the Court noted there, to do so, a plaintiff needs to meet a "heavy burden," and no facts in the record supported such a theory.  (*Id.*)  The facts here are no different:  TrackThings does not allege any facts suggesting that corporate formalities should be ignored or that venue should be imputed to

products "have been identified [on the Amazon.com website] as shipped and sold by 'Amazon.com Services LLC,'" not Amazon.com, Inc.  (*Id*. ¶ 10.)  TrackThings alleges *no facts* suggesting that Amazon.com, Inc., rather than any of its operating subsidiaries, makes, uses, offers to sell, sells, or imports the allegedly infringing systems or methods—either in this or any other District—let alone facts sufficient to make such an allegation plausible.  Thus, TrackThings cannot establish proper venue over Amazon.com, Inc. under Rule 12(b)(3).  And, for the same reason, TrackThings cannot state a plausible claim for infringement by Amazon.com, Inc. under Rule 12(b)(6).  *See, e.g.*, *Gevo, Inc. v. Butamax(TM) Advanced Biofuels LLC*, No. 12-cv-1724-SLR, 2013 WL 3381258, at *3 (D. Del. July 8, 2013) (dismissing direct infringement claim against parent company when only the subsidiary engaged in allegedly infringing research and development activities).

## II.     THE COURT SHOULD TRANSFER ANY REMAINING CLAIMS TO THE NORTHERN DISTRICT OF CALIFORNIA.

TrackThings' claims against eero should be dismissed for improper venue for the reasons above.  But should the Court decline to do so, either on substantive grounds or in the interests of justice under 28 U.S.C. § 1406(a), it should transfer the claims against eero and the remaining claims against Amazon Services to the Northern District of California.

A court may transfer a civil action to any judicial district where it could have been filed originally for the "convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. § 1404(a).  The threshold inquiry in the transfer analysis is "whether the judicial district to which

---

Amazon.com, Inc. or eero based on the acts of other subsidiaries in the District.  Indeed, "a bare assertion that the acts of [Amazon subsidiaries] should be imputed, merely because they are subsidiaries, is insufficient."  *Id*. at *4.  For the same reason, the contacts of Amazon Services cannot be computed to eero.  *See Celgene*, 17 F.4th at 1125 ("where related companies have maintained corporate separateness, the place of business of one corporation is not imputed to the other for venue purposes.").

transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If this requirement is met, "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight.'" *Flexiworld Techs., Inc. v. Amazon.com, Inc.*, No. 6:20-cv-00553-ADA, Dkt. 101 at 2–3 (W.D. Tex. Aug. 2, 2021) ("*Flexiworld* Order," attached at Young Decl. Ex. 18) (citations omitted). "[T]he Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties." *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009). Fifth Circuit law also provides that "[if a] movant demonstrates that the transferee venue is more convenient" then the motion should be granted. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (citations omitted). TrackThings could, and should, have filed this case in the Northern District of California, and the public and private factors heavily favor transfer to that district.

### A.   TrackThings could have filed its claims against eero and Amazon Services in the Northern District of California.

In the first case, the Court held that both Amazon Services and eero had regular and established places of business in the Northern District of California and, as a result, "venue is proper in the NDCA . . . ." Transfer Order at *3. Thus, there is no dispute that this threshold inquiry is satisfied.[6] The Court should thus analyze the private and public interest factors, which

---

[6] In the first TrackThings case, the Court denied transfer to the Northern District of California because it held that venue would be improper as to Amazon.com, Inc. in that District. *See* Transfer Order at *4–5. But this should be no impediment to transfer here for two reasons. First, defendant Amazon.com, Inc. should be dismissed for improper venue based on the reasoning in the Court's Transfer Order, and thus should not be considered for transfer purposes. Second, the Court can "sever [Amazon.com, Inc.] for purposes of transfer." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1364–65 (Fed. Cir. 2014) (citing Fed. R. Civ. P. 21) (severance appropriate if "it is unclear whether the entire action could have been brought in the transferee venue") (emphasis added); *see also LG Elecs., Inc. v. Asustek Computs.*, 126 F. Supp. 2d 414, 421–22 (E.D. Va. 2000) ("[T]he transferor court may sever the claims as to [a peripherally connected] defendant, and transfer the remaining claims to a more convenient district . . . .") (citations omitted). Severance is appropriate here

11

favor transfer.

**B.      The private interest factors favor transfer.**

The private interest factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*) (citing *Volkswagen I*, 371 F.3d at 203).  The private interest factors heavily favor transferring the claims against Amazon Services and eero to the Northern District of California.

**1.      The most likely sources of proof are in the San Francisco Bay Area.**

This factor considers the relative access to sources of evidence in the two competing forums.[7]  *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021).  Though the parties already engaged in fact discovery in the first case, both parties have contemplated additional or different discovery here.  And that discovery favors transfer.

The Northern District of California is the "center of gravity" of this case.  *In re Netflix*, No. 2022-110, Dkt. 16 at 5 (Fed. Cir. Jan. 20, 2022) (citing *In re Juniper Networks*, 14 F.4th at 1323).  If TrackThings seeks more discovery from eero or Amazon Services, that discovery will likely implicate the Northern District of California.  The accused eero technology was developed in San

---

because TrackThings' claims against Amazon.com, Inc. are tangential to the claims against eero and Amazon Services, who make and sell the accused products; adjudication of the claims against eero and Amazon Services will dispose of TrackThings' infringement claim; and transfer is otherwise warranted under § 1404(a), as discussed below.  *See Collaborative Agreements, LLC v. Adobe Sys. Inc.*, No. 1-14-CV-365-LY, 2015 WL 10818739, at *2 (W.D. Tex. Aug. 21, 2015).

[7] Courts "look to the location where the allegedly infringing products were researched, designed, developed[,] and tested."  *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017); *In re Netflix, Inc.*, No. 2022-110, Dkt. 16 at 3 (Fed. Cir. Jan. 20, 2022) (granting mandamus where all "source code, financial information, and other documentation that would be at issue in th[e] case are located at Netflix headquarters in the Northern District of California").  This factor "remains relevant despite technological advances having made electronic document production commonplace."  *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014).

Francisco, California, within the Northern District of California.  (Lindsay Decl. ¶¶ 3, 5–6.)  eero's product development, engineering, sales, and marketing functions are managed and run by teams in eero's San Francisco headquarters.  (*Id*.)  eero's electronic documents are kept on servers in Oregon or servers operated by third parties, but any physical documents would be stored at eero's San Francisco headquarters.  (*Id*. ¶ 7.)

Additional documents related to TrackThings are presumably in New Jersey, where Mr. and Mrs. Gabara—the only two TrackThings witnesses—reside.  (Compl. ¶¶ 1, 29; Young Decl. Exs. 3–5.)  The burden to transmit these documents to this District or the Northern District of California is no different.

As discussed above, TrackThings does not, and cannot, claim that any of the alleged Amazon facilities identified in its complaint have any evidence likely to be relevant.  Thus, the relative ease of access to sources of proof factor favors transfer to the Northern District of California, where any other eero technical documents might be stored.

### 2. The availability of compulsory process to secure the attendance of non-party witnesses strongly favors transfer.

This factor favors transfer where most non-party witnesses are within the subpoena power of the proposed transferee venue.  *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. Aug. 2, 2021).  This is true even without a showing that such witnesses are unwilling to testify at trial.  *Id*.  Courts must consider all potential witnesses who have relevant and material information, without attempting to evaluate the importance of their testimony or the likelihood that they will testify at trial.  *In re Genentech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009).  "If the transferee venue results in a shorter average distance away from witnesses than the original venue, then the convenience factor favors transfer."  *Affinity Labs of Tex., LLC v. Blackberry Ltd.*, No. 6:13-cv-362, 2014 WL 10748106, at *4 (W.D. Tex. June 11, 2014) (citations omitted).

Here, several non-party witnesses are based in the San Francisco Bay Area, within 100 miles of the three courthouses in the Northern District of California.  *See* Fed. R. Civ. P. 45(c)(1)(A); *see also In re Dish Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) (this factor favored transfer where prior art witnesses and former employees were in transferee forum, whereas no party identified a non-party witness in Texas).  Unlike in some cases, where the relevance of prior art witnesses may be speculative, in this case the parties already litigated identical claims through expert discovery, and Defendants already charted prior art references and identified witnesses who will testify about them.  For example, Defendants submitted an expert report on invalidity in the first case identifying prior art from Cisco and Airespace.  (Young Decl. ¶ 9.)  Defendants also served supplemental initial disclosures identifying Allan Thomson—who is knowledgeable about the Cisco/Airespace prior art—as a likely trial witness.  (*Id.* Ex. 11.)  Mr. Thomson, and other Cisco employees knowledgeable about that prior art, are based in the San Francisco Bay Area, within the Northern District of California.  (*Id.* Ex. 12.)

Other knowledgeable prior art witnesses in the Northern District of California include Devabhaktuni Srikrishna (named inventor of U.S. Patent No. 7,376,087, located in San Mateo, CA); Stephen G. Perlman (named inventor of U.S. Patent Pub. No. 2004/0246936, located in Palo Alto, CA); and Francis daCosta and Sriram Dyanandan (named inventors of U.S. Patent Pub. No. 2005/0232179, located in San Jose, CA).  Defendants identified and charted each of these prior art references in their invalidity contentions and expert report in the first case.  Each is likely to have valuable information on the development of these prior art references and knowledge of the state of the art at the time of the asserted patents. *See In re Netflix*, No. 2022-110, Dkt. 16 at 7–8 (citing *In re Hulu,* 2021 WL 3278194, at *3).

This Court could not compel any of these prior art witnesses to attend trial thousands of

miles away in Waco.  In contrast, TrackThings did not identify *any* Texas-based witnesses in its Complaint or seek discovery from any in the first case.  (*See* Compl.; Young Decl. Ex. 13.)  This factor thus heavily favors transfer.  *See In re Apple Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (compulsory process factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue"); *In re Apple Inc.*, No. 2021-181, Dkt. 13 at 6 (Fed. Cir. Nov. 15, 2021) (attached at Young Decl. Ex. 14) (compulsory process factor weighs "strongly in favor of transfer" where potential non-party witnesses are subject to the subpoena power of the Northern District of California transferee venue but not the Western District of Texas).

### 3.    The convenience and cost of attendance for willing witnesses heavily favors transfer.

The relative convenience and cost of attendance for witnesses is "probably the single most important factor" in the transfer analysis.  *In re Juniper Networks*, 14 F.4th at 1318 (quoting *In re Genentech*, 566 F.3d at 1343).  Under Fifth Circuit law, "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 204–05.  "[L]itigation should be conducted where more witnesses could testify without leaving their homes or their regular places of business."  *In re Pandora Media, LLC*, No. 2021-172, 2021 WL 4772805, at *6 (Fed. Cir. Oct. 13, 2021).

The eero employees most knowledgeable about the technical design and development and marketing and financial information about the accused eero technology work in the San Francisco Bay Area.  (Lindsay Decl. ¶¶ 5–8.)  These witnesses could attend trial in the Northern District of California with little or no travel time.  *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("[A]dditional distance [from home] means additional travel time; additional travel time

increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.") (citation omitted).  While one potential eero witness, Ryan Thompson, resides in New York, he has already been deposed twice and travel to San Francisco would be far more convenient than travel to Waco.  (Young Decl. Exs. 15–16.)  eero has no product engineering teams in Texas. (Lindsay Decl. ¶ 8.)  And should any other eero or Amazon witnesses become relevant, they could easily travel to and work out of any of Amazon or eero's Bay Area offices.  (*See id.* ¶¶ 10, 12.) Given the significant number of witnesses on the West Coast, and in the San Francisco Bay Area in particular, and the lack of any relevant witnesses in this District, the convenience to willing witnesses factor strongly favors transfer.[8]  *See In re Genentech*, 566 F.3d at 1345; *In re Nintendo Co.*, 589 F.3d at 1198–99.

### 4.    The judicial efficiency factor is neutral, but only because of TrackThings' discovery failures.

When considering the "practical problems that make trial of a case easy, expeditious and inexpensive" factor, courts analyze whether transfer would serve the interest of judicial economy. *Affinity Labs of Tex., LLC v. Samsung Elecs. Co*, No. 6:13-CV-364, 2014 WL 12570501, at *7 (W.D. Tex. June 11, 2014); *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).  While a court may consider its prior familiarity with the asserted patents, that "a patent is litigated in a particular venue" does not mean "the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that venue."  *Id.* at 1347 n.3; *see also In re Google LLC*,

---

[8]  In the first case, Defendants identified seven party witnesses with relevant knowledge. (Young Decl. Ex. 11.)  Three of these witnesses are based in California and three are based in Seattle.  (*Id.* Ex. 16.)  Trial in the Northern District of California would be far more convenient for these witnesses than Waco.  (*Id.* Ex. 17.)  The remaining witness is based in New York and can travel less expensively and via non-stop flight to the Northern District of California and can work from eero's Bay Area offices. (*Id.* Ex. 15.)

No. 2022-140, 2022 WL 1613192, at *4 (Fed. Cir. May 23, 2022).

Defendants moved to transfer in the first case in February 2022, long before fact discovery opened and before the Court had construed the asserted claims. *See TrackThings*, Dkt. 41 at 11–12. At that time, judicial economy favored transfer to the Northern District of California. *See id.* The case then progressed through claim construction and fact discovery. Then, with just days remaining in fact discovery, TrackThings produced an ▮▮▮▮▮▮▮▮ showing that it did not own the asserted patents when it filed its complaint, requiring the dismissal of the first case, and the filing of this follow-on case. *See id.*, Dkt. 87 at 1–2; Feb. 17, 2023 Hrg. Tr. at 31:4–10. Any familiarity the Court gained with the asserted patents thus resulted from TrackThings' own malfeasance—its eleventh-hour production of an ▮▮▮▮▮▮▮ that should have been produced at the outset of the case. In any event, given that the parties already litigated TrackThings' claims for 18 months, no substantial judicial resources will be required no matter where the case proceeds.[9] This factor is, at best, neutral.

## C.    The public interest factors favor transfer.

The public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." *Volkswagen II*, 545 F.3d at 315 (citations omitted). Here, transfer would

---

[9] *See, e.g.*, Feb. 17, 2023 Hrg. Tr. at 22:11–24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

serve the public interest because the Northern District of California has a far greater interest in adjudicating claims against eero and Amazon Services, who each have a substantial presence in that District.

### 1. The court congestion factor does not weigh against transfer.

In analyzing the administrative difficulties flowing from court congestion, courts consider "the speed with which a case can come to trial and be resolved." *In re Genentech*, 566 F.3d at 1347. But "case-disposition statistics may not always tell the whole story." *Id*. Given the potential efficiencies to be gained by transfer, the location of relevant witnesses and sources of proof, and the parties' agreement to litigate this case efficiently using discovery developed in the first case, the faster time-to-trial in this Court does not weigh against transfer. *See InfoGation Corp. v. Google LLC*, No. 6:20-CV-00366-ADA, 2021 WL 5547070, at *5 (W.D. Tex. Apr. 29, 2021); *In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020); *In re Juniper Networks*, 14 F.4th at 1322 ("[I]t is improper to assess the court congestion factor based on the fact that the Western District of Texas has employed an aggressive scheduling order for setting a trial date.") (citations omitted).

### 2. The Northern District of California has a far greater interest in deciding this case than this Court.

The local interest factor considers the "significant connections between a particular venue and *the events that gave rise to a suit*." *In re Apple Inc.*, 979 F.3d at 1345 (citations omitted). The accused eero technology was designed and developed by eero and its employees in San Francisco. (Lindsay Decl. ¶¶ 5–6.) None of the accused technology was developed in this District. (*Id.*) Thus, the Northern District of California has a far greater local interest in this case. *See Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*, No. 6:19-cv-00355-ADA, 2020 WL 6136783, at *5 (W.D. Tex. Mar. 30, 2020) (district where accused products were designed and developed has a strong localized interest in the case); *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) ("[T]he cause of action calls into question the work and reputation of several individuals residing

in or near that district and who presumably conduct business in that community."); *Auto-Dril, Inc.*
*v. Canrig Drilling Tech. Ltd.*, No. 6:15-cv-00096, 2015 WL 13691866, at *3 (W.D. Tex. May 22,
2015) (district where a party has principal place of business has a stronger local interest). eero and
relevant third parties have headquarters and technical hubs in Northern California; the "hub of
activity" is there, not in this district. *See Affinity Labs*, 2014 WL 10748106, at *3, 6 ("[T]he trier
of fact ought to be as close as possible to the milieu of the infringing device and the hub of activity
centered around its production.") (citation omitted). In contrast, New Jersey-based TrackThings
has no connection to this district, and there is no local interest—beyond TrackThings' "preference"
for the Court's schedule—in adjudicating its claims. (Young Decl. Ex. 7 at 5.)

The presence of irrelevant Amazon facilities and employees in the Austin or Waco areas
does not give this Court any particular interest in resolving this dispute. The Federal Circuit has
"repeatedly rejected that a party's 'general presence in a particular district' can alone 'give that
district a special interest in the case.'" *In re Apple Inc.*, No. 2021-181, Dkt. 13 at 10 (attached at
Young Decl. Ex. 14) (citation omitted); *In re Google*, No. 2021-171, 2021 WL 4592280, at *5
(Fed. Cir. Oct. 6, 2021) (similar). Moreover, as the Court held in *Flexiworld*, a defendant's "far
more significant" presence in another district should control. *See Flexiworld* Order at 18 (attached
at Young Decl. Ex. 18).

### 3.  The familiarity with governing law and potential conflicts of law factors are still neutral.

Courts also consider the familiarity of the transferee forum with the law governing the case
as well as potential conflicts of law issues. *See Volkswagen I*, 371 F.3d at 203. Patent infringement
actions are governed by federal law and therefore this District and the Northern District of
California are equally capable of adjudicating the patent issues in this case. *See Orinda Intell.*
*Props. USA Holding Grp., Inc. v. Sony Corp.*, No. 2:08-CV-323, 2009 WL 3261932, at *4 (E.D.

Tex. Sept. 29, 2009).  Likewise, no conflicts of law exist in this case.  TrackThings agreed before that these factors are neutral.  (*See TrackThings*, Dkt. 47 at 19.)

## III.    CONCLUSION

For these reasons, Defendants request that the Court:  (1) dismiss TrackThings' claims against Amazon.com, Inc. for improper venue and for failure to state a claim for patent infringement; (2) dismiss TrackThings' claims against eero for improper venue; and (3) transfer any claims that remain, including those against Amazon Services, to the Northern District of California.

Dated: April 7, 2023

Respectfully submitted,

_/s/ Eric B. Young_

J. David Hadden, CSB No. 176148
(Admitted W.D. Tex.)
Email: dhadden@fenwick.com
Saina S. Shamilov, CSB No. 215636
(Admitted W.D. Tex.)
Email: sshamilov@fenwick.com
Ravi R. Ranganath, CSB 272981
(Admitted W.D. Tex.)
Email: rranganath@fenwick.com
Vigen Salmastlian, CSB No. 276846
(Admitted W.D. Tex.)
Email: vsalmastlian@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

Eric B. Young, CSB No. 318754
(Admitted W.D. Tex.)
Email: eyoung@fenwick.com
Gregory M. Sefian, CSB No. 341802
(*Pro Hac Vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  415.875.2300
Facsimile:  415.281.1350

Daniel W. Ledesma, NY Bar No. 5564299
(Admitted W.D. Tex.)
Email: dledesma@fenwick.com
FENWICK & WEST LLP
902 Broadway, Ste. 14
New York, NY 10010
Telephone:   212.430.2639

Attorneys for Defendants
AMAZON.COM, INC., AMAZON.COM
SERVICES LLC, and EERO LLC

## CERTIFICATE OF CONFERENCE

Pursuant to Local r/ule CV-7(G), the parties have conferred and plaintiff opposes this motion.

*/s/ Eric B. Young*
Eric B. Young

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system and that a true and correct copy of the foregoing document was served via electronic mail to counsel of record on on April 7, 2023.

*/s/ Eric B. Young*

Eric B. Young