**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **TRACKTHINGS LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **W-23-CV-00133-ADA** |
| | § | |
| **AMAZON.COM SERVICES LLC,** | § | |
| **EERO LLC,** | § | |
| *Defendants.* | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Came on this date for consideration is Defendants Amazon.com, Inc., Amazon.com Services LLC, and eero LLC's ("Defendants") Motion to Dismiss for Improper Venue, Failure to State a Claim, and to Transfer Venue to the Northern District of California. ECF No. 32. Defendants filed the Motion on April 23, 2023. *Id.* Plaintiff TrackThings LLC filed its Opposition to Defendants' Motion on July 14, 2023. ECF No. 45. Defendants Reply in Support of their Motion was filed on August 4, 2023. ECF No. 49.  The Parties also entered a Stipulation Regarding Dismissal of Amazon.com Inc. ECF No. 44. Thus, Defendants' Motion only applies to the remaining Defendants—Amazon Services LLC ("Amazon") and Eero LLC. A hearing was held on this motion on September 27, 2023. After carefully considering the briefing, evidence, and arguments, the Court **DENIES** Defendants Motion to Dismiss under 12(b)(3) and Motion to Transfer Venue under 28 U.S.C. 1404(a).

## I.    BACKGROUND

Plaintiff TrackThings filed this lawsuit accusing Defendants of infringing on U.S. Patent Nos. 9,642,017 ("the '017 patent"), 9,332,442 ("the '442 patent"), and 10,107,893 ("the '893 patent"; collectively "the Asserted Patents"). ECF No. 1. The Asserted Patents cover "wireless networking technology that allows devices (such as computers, smartphones, televisions, printers,

etc.) in environments such as homes or small offices to wirelessly communicate with each other and to wirelessly access the internet." *Id*. ¶ 31. The patented inventions relate to "mesh WiFi" systems. *Id.*

Thaddeus Gabara is the sole inventor of all three Asserted Patents. Id. ¶ 28. The accused products include the eero (1st-gen) (Model Number A010001), eero Pro (2nd-gen) (Model Number B010001), eero Beacon (Model Number D010001), eero (2nd Generation) (J010011), eero pro 6 (Model Number K010011), eero 6 (Model Number N010011), eero 6 extender (Model Number Q010011), eero 6+ (Model Number AX30000), Ring Alarm Pro Base Station (Model Number 5A3T3), eero Pro 6E (Model Number S010001), eero PoE 6, and all combinations or bundles of the foregoing (collectively called the "Accused Products"). *Id*. ¶ 40.

This is the second case filed by Plaintiff against these Defendants. In the original case, Defendant's Motion to Transfer Venue was denied because they did not surmount the threshold "burden to prove that this case could have been brought in the transferee forum. Specifically, Defendants have failed to show that venue would be proper for Amazon.com, Inc. in the NDCA." *TrackThings LLC v. Amazon.com*, Inc., No. 6:21-cv-00720, 2022 WL 1462204, at *3 (W.D. Tex. May 9, 2022). Thus, the Court in the original case did not reach other public and private factors **§** 1404(a) transfer analysis. The Court also notes that Defendant eero did not challenge the propriety of venue under 12(b)(3) in the original case. *See* Case No. 6:21-cv-00720.

## II.   LEGAL STANDARD

### a.   Venue in Patent Infringement Cases

Section 1400(b) of title 28 of the United States Code "constitute[s] the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017) (internal quotation marks omitted). A claim for patent

infringement must be brought "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); *see also Optic153 LLC v. Thorlabs Inc.*, Civil Action No. 6:19-CV-00667-ADA, 2020 WL 3403076, at \*2 (W.D. Tex. June 19, 2020). Section 1400(b) is intentionally restrictive, and it is Plaintiff's burden to establish proper venue. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013–14 (Fed. Cir. 2018).

Under the first prong, the Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517. Under the second prong, the Federal Circuit interpreted a "regular and established place of business" to impose three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.,* 871 F.3d 1355, 1360 (Fed. Cir. 2017)*.* As to the first requirement, a "place" refers to a "'building or a part of a building set apart for any purpose' or 'quarters of any kind' from which business is conducted." *Id.* at 1362 (citations omitted). As for the second requirement, "regular" means that the business must operate in a "'steady, uniform, orderly, and methodical' manner," and "sporadic activity cannot create venue." *Id*. (citations omitted). And the third requirement means that the place cannot be solely a place of defendant's employee – "the defendant must establish or ratify the place of business." *Id.* at 1363. Failure to satisfy any statutory requirement requires a finding of improper venue. *Id.*

### b.   Section 1404(a) Venue Transfer

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and

witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . ..." *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp*., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen*, Inc., 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and in-expensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having local-ized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of for-eign law." *Id*. Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id*. at 314–15. While

"clearly more convenient" is different from the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc*., No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

### III.    ANALYSIS

#### a.    Defendant eero has a regular and established place of business in the Western District of Texas

Since Amazon.com Inc. was dismissed from this case, only Defendant eero's challenge to venue in this district is before the Court. ECF No. 49. Defendant Amazon.com Services, LLC does not contest that venue is proper in this district. *See* ECF No. 32 at 5–10. TrackThings acknowledges that eero is not incorporated in Texas, and thus fails to satisfy the first prong of Section 1400(b). eero's Motion to dismiss for want of venue is because, they argue, "TrackThings thus does not, and cannot establish . . .eero has a regular and established place of business in this District." Track-Things rebuts this claim under two bases: first, that Amazon Services is eero's alter ego and alternatively, that eero has committed acts of infringement in the Western District of Texas and has a regular and established place of business here. ECF No. 45. The Court finds that eero and its employee's uses of offices in Austin meet the *Cray* factors such that there is a regular and established place of business in this district. *Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Thus, the Court need not give an opinion on TrackThings's alter ego argument.

The first *Cray* requirement is that "there must be a physical place in the district." *Cray,* 871 F.3d at 1360. To satisfy the "physical place" requirement, the location must be "a physical, geographical location in the district from which the business of the defendant is carried out." *Cray*, 871 F.3d at 1362. That said, the physical place need not be "real property that the defendant must

own[] or lease" so long as business can physically be carried out at that location. *In re Google LLC*, 949 F.3d 1338, 1343 (Fed. Cir. 2020) (citing *Cray*, 871 F.3d at 1363).

TrackThings points to the relationship between eero and Amazon, eero's access to Amazon's "Tech Hub" offices in Austin, and the number of times that eero employees have used those offices. Amazon acquired eero in 2019 to help its customers integrate and bundle Amazon Echo and Ring devices with the Accused Products. ECF No. 45-4. The Tech Hub is an Amazon Services corporate office space located at 11501 Alterra Parkway in Austin, Texas. ECF No. 32 at 6. In support of its Motion to Dismiss eero alleges that "[i]t has 84 remote employees in the state, but most work in customer support roles and have nothing to do with the technical design and development of the accused eero technology. . . .[and] eero does not require its remote employees to live in this District or near any particular physical office." Still, for the purposes of satisfying the first element of *Cray,* the Tech Hub is a physical place in the district.

Plaintiff has also shown the second factor is met—the Tech Hub is a "a regular and established place of business" *Cray,* 871 F.3d at 1360. A physical place is "regular" under *Cray* if it "operates in a 'steady, uniform, orderly, and methodical' manner." *Id. at* 1362–63. A place is established if it is steady for "a meaningful time period." *Id.* And a "place of business" is one that has the "regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business,'" *See Google*, 949 F.3d at 1345.

While labeled as merely "remote," eero employees regularly use the Tech Hub. TrackThings demonstrated that the eero employee's use of the Tech Hub is steady, uniform and orderly by pointing to the process for which eero employees request and are freely granted access to the office space. TrackThings points to evidence t███████████████████████████



*See* ECF No. 45 at 10 (citing Ex. 24).

eero characterizes this evidence as "occasional" use and that

[1] *See* ECF No. 45, Ex. 24.

*Id*; *see also* Hearing Transcript at 10:47-48. While eero would like the court to focus on the employees who *do not* use the Tech Hub, the *Cray* instructs courts to make a different inquiry. Merely labeling all employees as "remote," but having many access and use offices in this District ████████████████████ two to three times per week during the relevant period makes it so the location is indeed a "regular and established" place. ████████████████████████

ECF 45-2 at p. 27. The actions of those senior managers TrackThings points to are congruent with the stated policy of eero executives and demonstrated a ratification of the Tech Hub as eero's place of business. Companies cannot attempt to have physical locations available for use by their employees in a district, have their employees use those locations on a regular, weekly basis, but still escape venue because the employees are internally labeled "remote." The evidence demonstrates that the Tech Hub was a "regular and established place of business" of eero at the time of filing the suit.

---

[1] eero attempts to argue that since this employee has since moved away from the Western District, his access of the Tech Hub should not be considered. However, "venue is determined under § 1400(b) by the facts and situation as of the date suit is filed." *GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, 2022 WL 432558 at *4 (W.D. Tex. Feb. 11, 2022) (quoting *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922 (E.D. Tex. 2017).

Finally, *Cray* requires that *"it must be the place of the defendant."* *Cray*, 871 F.3d at 1360. "Relevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place," "the storing of materials at a place in the district so that they can be distributed or sold from that place," and "[m]arketing or advertisements … to the extent they indicate that the defendant itself holds out a place for its business." *Id.* eero itself does not own or lease the Tech Hub but Amazon Services does. *See* ECF No. 32 at 6. While ownership of the place is one factor to prove the place is "of the defendant" other factors include: "the nature of [the defendant's] relationship with [its] representatives [in the District], or whether it has any other form of control over any of them"; "whether [the defendant] possesses, owns, leases, or rents the [facility] … or owns any of the equipment located there"; "whether any signage on, about, or relating to the [facility] associates the space as belonging to [the defendant]"; and "whether the location of the [facility] was specified by [the defendant] or whether [the facility owner] would need permission from [the defendant] to move [the facility] outside of the [District] or to stop working for [the defendant]." *In re ZTE*, 890 F.3d at 1015-16.

The facts alleged by TrackThings shows eero's use of the Tech Hub satisfies the third cray element. ███████████████████████████████████████████████████████████ ███████████████████████████████████. ECF 45-2 at p. 27. eero and Amazon Services made access to the facility a matter of course for any "remote" employees that wished to use the office space. ECF No 45 at 10. The access procedure and the automatic nature of requesting and being granted access shows that eero had control over the space, permitting its employees to work at the offices at the Tech Hub. The third and final cray element is satisfied. The Court finds that prong two of § 1400(b) is met because eero has sufficiently alleged that eero has a regular and established

8

place of business in Austin, and that defendants are alleged to have committed acts of infringement in this district.

### b. Defendants have not shown the Northern District of California is clearly more convenient.

The threshold determination in the § 1404(a) analysis is whether this case could first have been brought in the destination venue—the NDCA. In the original action between these parties, the Court held that both eero and Amazon Services had regularly and established places of business in NDCA. *TrackThings LLC v. Amazon.com*, Inc., No. 6:21-cv-00720, 2022 WL 1462204, at *3 (W.D. Tex. May 9, 2022). Neither party disputes that those facts remain the same. With the threshold inquiry satisfied, the Court proceeds to analyze the public and private factors.

### i. The Private Interest Factors

The private interest factors are (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. See *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*) (citing *Volkswagen I*, 371 F.3d at 203).

### 1. The Cost of Attendance for Willing Witnesses

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in some cases where witnesses would be required to travel a significant distance no matter what venue they testify in.

*In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google*, LLC, No. 2021-170, 2021 WL 4427899, at * 4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* Yet the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

According to eero and Amazon, most of the employees knowledgeable of the technical design, development and marketing of the accused products work in the San Fransisco area. ECF No. 32 at 15. In a footnote, Defendant's refer to seven willing witnesses, four of which who have been deposed by Plaintiffs here—all who live in either NDCA or Washington State. ECF No. 33-16; ECF No. 49 at 9 n. 7. The Court notes that it has reviewed the exhibits attached by Defendant in its motion listing witnesses who reside in California and Seattle despite Defendants summarily referencing them in the body text of their motion. But Defendant broadly references these employees as potential witnesses and generally refers to some depositions having taken place. Defendants marshal no other facts in their briefing to substantiate: (1) What specific knowledge these employees possess and, more importantly, (2) why these witnesses are more knowledgeable or relevant than the ones Plaintiff points to in this District. Without such information, the Court is unable to make a determination as to the actual relevance of the witnesses and their likelihood of being relevant to a trial here.

One willing witness Defendants *does* specifically identify is Ryan Thompson, who resides in New York. ECF No. 32 at 16. But, as stated earlier, Plaintiff has identified other employees of eero or Amazon who are present in this district who would be knowledgeable of the accused products. ECF No. 45 at 16 (listing Denny Drivas Delp, Casey Eric Edward, Caleb Charles Ngai, and Aruna Natarajan Srinivasan as employees with relevant knowledge of the accused products residing in Texas).

Plaintiff also argues that "Defendants have not demonstrated that their cherry-picked, California witnesses are not interchangeable with employees in Texas who could testify regarding the technical design, development, and operation of the accused eero devices." *Id* (citing an exhibit listing eero software and hardware engineers). This interchangeability assertion is confirmed by testimony of eero's own COO, in which she stated: "I do understand there are Amazon employees in many locations who work on Echo products." ECF No 45-2 at 21:4-5. She was then asked whether those employees work on the Echo products using the accused eero feature, to which she answered in the affirmative. *Id*. at 21:16-21. Plaintiffs also argue that, since their party witnesses reside in New Jersey or New York, their attendance at trial in Waco is more convenient than a trial in NDCA. *Id.* at 17.

Focusing the inquiry "on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time," the Court finds that this factor is neutral in the transfer analysis. *In re Google*, LLC, No. 2021-170, 2021 WL 4427899, at * 4 (Fed. Cir. Sept. 27, 2021). Defendants' most important technical witness, Mr. Thompson, lives in New York. Plaintiff's anticipated trial witnesses reside in New Jersey. While some of the potential witnesses identified by Defendants reside in California and Seattle, Plaintiffs have also shown that there are similar witnesses with equal knowledge about

the accused products who reside in this District. Again, the Court finds Defendants failed to show how the employees on the West Coast have specific knowledge about the accused functionality, but instead relied on general assertions.

Recently, the Federal Circuit denied a Mandamus petition because this Court "plausibly concluded that [the movant] failed to establish that the willing witness factor favored transfer. [The Movant's] transfer motion broadly asserted that relevant [] employees are located in California and Washington state, and the majority of its teams are located on the West Coast." *In re Meta Platforms, Inc.*, No. 2023-143, 2023 WL 7118786 (Fed. Cir. Oct. 30, 2023). In that case, this Court was presented with 15 specific employees working on the relevant teams who resided on the west coast. *Id.* Similar to this case, the non-movant pointed to "potential witnesses who would find the WDTX more convenient, a group including several [] employees in Austin with relevant knowledge of product design, operations, finances, and marketing." *Id*. at 2. Here, Plaintiff has even pointed to deposition testimony of an eero corporate executive acknowledging the presence of Amazon employees in the WDTX who have relevant knowledge of the accused functionality. Simply put, Defendants did not inform the Court with sufficient clarity or factual support about why the witnesses in California or Washington would be more likely to have information relevant to the accused products or what unique relevant information they would possess at all compared to those who reside in this District.

Furthermore, Amazon has told this Court that its offices and presence in Austin lessens the burden for its employees (including eero employees) to testify in this District as they "could work in the Austin offices while waiting" to do so. ECF No. 45 at 16 (citing Ex. 34 at 7). The Court also notes that the same opportunity to work in their NDCA offices would be present. This is a case in which both parties' probable witnesses "would be required to travel a significant distance no matter

what venue they testify in" such that the 100-mile rule receives less rigidity.  Given that Defendants have employees with relevant knowledge who would be potential witnesses in the NDCA, the WDTX, New York, and all of Plaintiff's witnesses reside in New Jersey, the Court finds this factor to be neutral. *In re Apple*, 979 F.3d at 1342 (citing *Volkswagen II*, 545 F.3d at 317).

### 2. The Availability of Compulsory Process to Secure the attendance of Non-Party Witnesses

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018). But the Fifth Circuit has clarified that "the availability of the compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016)).

Defendants identified four non-party witnesses relevant to this factor in their motion. ECF No. 32 at 14. All four witnesses identified have knowledge about prior art information, and they

reside in the San Fransisco area. *Id.* Since invalidity contentions have already been charted in this case, their value or importance in the case is less speculative than in other cases. One prior art reference is called the "Cisco/Airespace" reference. *Id*. A named inventor of that reference resides in the San Fransisco Area. *Id*. But Amazon admits that Cisco has other knowledgeable employees aside from that named inventor, and Plaintiff shows evidence that some of those Cisco employees with relevant knowledge reside in this district. ECF No. 32 at 14; ECF No. 45 at 16.

Defendants have not alleged or otherwise shown that the named non-party witnesses are unwilling to testify in this Court. *See* ECF No 32 at 13-15. And Plaintiffs argue that while the witnesses named by Defendants do have knowledge relevant to the prior art to be asserted at trial, "the art identified in Defendants' contentions and in the patents-in-suit have authors and inventors globally, including within this Court's subpoena power in Texas." ECF No. 15 (citing ECF 46-42–47 displaying LinkedIn pages noting the location of named authors and inventors who reside within the Court's subpoena power). Since invalidity contentions have been served and specifically identify non-party witnesses residing in the NDCA, the Court finds that this factor slightly favors transfer. At the same time, under the Fifth Circuit's recent guidance, even if this factor were to favor or disfavor transfer, the weight of this factor is diminished because neither party has alleged or shown that any of the witnesses mentioned are unwilling. *In re Planned Parenthood Fed'n of Am.*, Inc., 52 F.4th at 630−31.

### 3.  Relative Ease of Access to Sources of Proof

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is relative ease of access, not absolute ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013). "In patent

infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

According to eero and Amazon Services, the NDCA is a more convenient forum because there is more access to sources of proof there. Yet this is a unique case where much of the discovery needed here was already completed in the original action. ECF No. 32 at 12; ECF No. 45 at 12. Thus, Defendants base their argument on hypothetical additional discovery that has yet to be taken or needed. ECF No. 32 at 12 ("If TrackThings seeks more discovery from eero or Amazon Services, that discovery will likely implicate the Northern District of California."). However much additional discovery is needed and its likelihood, the Court will nonetheless consider the places where sources of proof are located.

Defendants assert that, eero's "product development, engineering, sales, and marketing functions are managed and run by teams in eero's San Francisco headquarters." *Id.* at 13. eero's electronic documents are stored in Oregon or servers operated by third parties and any physical documents are in San Fransisco. *Id.*  While a declaration by eero's COO where states, "to the extent there are physical records, they are generally kept and maintained in eero's San Francisco headquarters," Plaintiff argues that the same eero COO deposition testimony indicated that Amazon's Austin facilities contain physical evidence as well. ECF No. 45 at 14; ECF No. 45-2 at 60:13-61:7. Any other discovery needed from Plaintiff's, the parties agree, is either located at Plaintiff's counsel's New York office or in New Jersey. *Id*; ECF No. 49 at 8.

The Court acknowledges that the Fifth Circuit's decision in *In re Planned Parenthood conveys* a shift in the analysis of this factor. The Fifth Circuit has recently agreed with a district court that concluded that this factor is neutral because electronic evidence is equally accessible in either

forum. *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022). The Fifth Circuit held that "[t]he location of evidence bears much more strongly on the transfer analysis when . . . the evidence is physical in nature." *Id*. But the Federal Circuit has held that it is an error to conclude this factor is neutral because electronic documents are easily accessible in both forums. *In re Apple, Inc.*, No., 2022 WL 1196768, at *4 (Fed. Cir. Apr. 22, 2022). As much as these two holdings can be reconciled, the Court concludes that the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed.

The evidence and briefing before the Court shows that most of the relevant documents are stored electronically on servers located in Oregon or by third parties whose locations were not disclosed in the briefing. ECF No. 32 at 13. Plaintiffs have demonstrated, through the deposition testimony of eero's COO, that employees with access to the relevant documents reside in this District. ECF No. 45-2 at 23:17- 25:7 ("Q: And an eero employee can access, for example, eero documents from that space; correct? A: An eero employee working from any location with an internet connection can access documents that are available online that are relevant to their work. Q: So when an eero employee works out of an office in Austin, an Amazon office in Austin, that eero employee can access documents from that office, correct? A: An eero employee working from any location with an internet connection and log-in access can access documents relevant to their work."). eero has 84 employees in Texas, many who work and reside in this District including at least three engineers who work on software relating to Accused Products. (ECF No. 33-21 at ¶ 10; ECF No. 45-3.)

Physical evidence, to the extent it is necessary in this case, is in San Fransisco, New Jersey, and Texas. *Id*.; ECF No 45 at 14. But the Court notes that Defendants have made no showing as to the likelihood of sources of proof other than the vague assertion that "physical documents would

be stored at eero's San Francisco headquarters." *Id.*   Indeed, Plaintiff rebuts that assertion by informing the Court "no such evidence was deemed relevant by Defendants or produced in the Prior Action." ECF No. 45 at 14. The Court finds neither venue presents more relative convenience of electronically accessible proof and, since Defendant's have not shown that any physical evidence in San Fransisco is would relevant or useful here. "When 'the vast majority of the evidence [is] electronic, and therefore equally accessible in either forum[,]' this factor bears less strongly on the transfer analysis. *In re TikTok, Inc.*, No. 23-50575, 2023 WL 7147263, at *3 (5th Cir. Oct. 31, 2023) (quoting *In re Planned Parenthood Fed'n Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022)). The Court finds this factor is neutral.

### 4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

When considering the "practical problems that make trial of a case easy, expeditious and inexpensive" factor, courts analyze whether transfer would serve the interest of judicial economy. *Affinity Labs of Tex., LLC v. Samsung Elecs. Co*, No. 6:13-CV-364, 2014 WL 12570501, at *7 (W.D. Tex. June 11, 2014); *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010).

Unlike many motions to transfer this Court rules on, this factor plays an unusually large role in the Court's decision. Judicial economy here is served by keeping it in this District. As mentioned previously, this is the second case between TrackThings, Amazon.com Services and eero. The original case was filed on July 13, 2021. *See* Case No. 6:21-cv-00720 at ECF No. 1. That original case progressed through infringement contentions, disclosures, and *Markman* decisions. *Id.* at ECF No. 41.   Defendant eero, in the original case, never moved to dismiss for improper venue. *See generally Id.* Defendants did move to transfer in that case, but the Court denied the motion because Amazon.com Inc. did not meet the threshold burden to show that the case could have been filed in the transferee forum. *TrackThings LLC v. Amazon.com*, Inc., No. 6:21-cv-00720, 2022 WL

1462204, at *3 (W.D. Tex. May 9, 2022). Because of the prior case's history, the Court, at this point, has intimate knowledge with the asserted patents. The Court, in the original case, held a Markman hearing on May 10, 2022 and issued a claim construction order on June 14, 2022. Case No. 6:21-cv-00720 at ECF Nos. 65, 70. After Defendants raised a meritorious standing challenge, TrackThings filed a new Complaint to moot the issue on February 17, 2023, and cured the standing defect. ECF No. 45 at 2.

The Court again recounts the history of this case to establish that it has developed a familiarity with the patents at issue. Defendants argue that the familiarity the Court gained with the asserted patents stemmed from "TrackThings' own malfeasance—its eleventh-hour production of an ██ ████████████ that should have been produced at the outset of the case" resulting in standing issue. ECF No 32 at 17. Defendants also use the Court's comment at a hearing in the original case to support its argument. *Id*. At that hearing, the Court stated, "it seems to me the only court involvement to date would have been the Markman ruling . . . the patents aren't changing, the claim terms aren't changing. Why would the Court have to do any additional work?" Feb. 17, 2023 Hrg. Tr. at 25:19–21. But the language the Court used shows just how far the original case had progressed, and that upon Plaintiff's curing their standing defect by refiling, the case would be efficiently and quickly resolved because of the Court's familiarity and the case's late stage.

In *In re Vistaprint*, the trial court became familiar with the asserted patent and the related technology during a prior litigation. *In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010) The knowledge and familiarity gained by the district court led the Federal Circuit to deny mandamus relief despite other factors favoring transfer. *Id*. at 1346. In that case, a magistrate judge had conducted the *Markman* hearing, and this did not change the judicial economy weight against transfer. *Id*. at 1344. In this case, both parties have agreed that they do not expect to reargue claim

construction. ECF No. 49 at 14; ECF No. 45 at 18; Feb. 17, 2023 Hrg. Tr. at 24:6–25:21. However, both Plaintiff and Defendants place the blame on each other for the lateness of this motion to transfer venue and the reasons for why the court has gained its familiarity of the underlying issues. Plaintiff argues that Defendant's standing challenge should have been raised before the *Markman* hearing was completed in the original case. ECF No. 45 at 2. And Defendants argue that "Track-Things' own malfeasance" is the cause of the Court's familiarity. ECF No. 32 at 17. The Court agrees with Defendants that Plaintiff should have been aware of the standing issue much earlier than it was, however, this does not change the fact that the Court now has a substantial familiarly with the patents and asserted products in this case.

Unlike *In re TikTok*, where this Court committed error by weighing this factor against transfer where the "court did not adopt that recommendation and enter the official order denying transfer until approximately 14 months after petitioners had originally filed their motion[,]" this motion was only filed 6 months ago. *In re TikTok, Inc.*, 2023 WL 7147263, at *7; ECF No. 32. The relevant venue discovery and Plaintiff's response to the Motion was filed 4 months ago. ECF No. 45. The effort expended and familiarity gained in this case does not stem from "post-motion knowledge acquired [or] the judicial resources expended after the motion was filed." *In re TikTok, Inc.*, 2023 WL 7147263, at *7.

Judicial economy would not be served by transferring this case to a new District where the issues would be unfamiliar, and a new case schedule would be uncertain. Since this case does not require substantial additional discovery or Court involvement to reach its conclusion, and the parties agree that it is on an expedited schedule due to the progress made in the original case, the Court finds this factor weighs strongly against transfer to the NCDA.

**ii.  The Public Interest Factors**

1.   **Administrative Difficulties Flowing from Court Congestion**

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

The Court notes that the Federal Circuit recently concluded that this factor should not weigh against transfer when plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Here, neither party has briefed whether TrackThings is engaged in product competition in the marketplace. The briefing does not discuss any witnesses or sources of proof related to a product from TrackThings. Still, Plaintiff argues that transferring this case would likely extend the case schedule and that expectation is well taken by the Court. ECF No. 45 at 18. Defendants argue that "the parties' agreement to litigate this case efficiently using discovery developed in the first case, the faster time-to-trial in this Court does not weigh against transfer." ECF No. 32 at 18. Given that neither Party has briefed the Court as to competition in the marketplace, the Court feels bound under *In re Google* to find this factor neutral. 58 F.4th at 1383.

2.   **Local Interest in Having Localized Interests Decided at Home**

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated

by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and the events that gave rise to a suit.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id*. Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id*. at 1319.

Defendants claim that the NDCA has a local interest in this case because its headquarters are in the NDCA, the accused products were designed and developed there, and Defendant eero's workforce in that district is much larger compared to its presence in the WDTX. ECF No. 32 at 18–19. However, these assertions by Defendants rely on two paragraphs from the eero COO's declaration and no other evidentiary support for the Court to consider. *Id*. Plaintiff points to Defendant eero's former WeWork office space in Austin and the Tech Hub discussed above to show the local interest in this district. ECF No. 45 at 19. Plaintiff also points to job openings for eero with Austin as the listed location, and a large tax break given to Amazon for the establishment of a fulfillment center in the Waco area. *Id*. However, Defendants correctly point out that those job

openings and the tax break do not relate to the issues or the patents here. The Court also notes that Plaintiff is based in New Jersey and has little connection to this district beyond its choice of forum. In sum, this factor weighs slightly in favor of transfer because of Plaintiff's failure to point to relevant events that give rise to their infringement claim that occurred in this district.

### 3.  Familiarity of the Forum with the Law That will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The Parties agree these factors are neutral. ECF No. 32 at 19; ECF No. 45 at 20. The Court agrees because there are no potential conflicts here and both forums are familiar with the law that will govern the case.

### IV.    Conclusion

The Court's consideration of the private and public interest factors finds that five of the factors are neutral, two slightly favor transfer, and one strongly disfavors transfer. The most important factor—the cost of attendance of willing witnesses—does not favor transfer. Deciding a motion to transfer venue is not an exercise in simply calculating the factors as if they are all equal. This case presents a unique situation where the underlying issues have been pending before the Court for quite some time, in both this case and the original action. The Court finds that despite some factors weighing slightly in favor of transfer, the judicial economy concerns in this case counterbalance those factors. In sum, Defendants did not demonstrate the NCDA to be "clearly more convenient" than the WDTX.

Therefore, it is **ORDERED** that Defendants' Motion to Dismiss and Motion to Transfer Venue (ECF No. 32) are **DENIED**.

SIGNED this 6th day of November, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE