UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TRACKTHINGS LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>AMAZON.COM SERVICES LLC, and EERO LLC,<br><br>               Defendants. | Civil Action No. 6:23-cv-00133-ADA |

**DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT**

I.  **INTRODUCTION**

After a five-day trial, the jury returned a verdict for Defendants on all claims of infringement and awarding no damages to TrackThings. (Dkt. 203.) Despite this unequivocal result, TrackThings denies that Defendants "prevailed" in the case—and are thus entitled to costs under FRCP 54—because they did not win on *all possible* grounds presented to the jury. This dispute has held up the entry of judgment after trial, as the Local Rules require that "costs will be assessed in the final judgment in a case," L.R. CV-54(a)(1), only after which the prevailing party may "prepare and file a proposed bill of costs." *Id*.

Defendants are the prevailing parties and are entitled to a final judgment reciting that uncontroversial fact as well as their resulting entitlement to costs. TrackThings has not provided any colorable objection. Under Supreme Court and Federal Circuit law, the prevailing party is the one that achieved its litigation objective—it is not an exercise in bean-counting each defense or fact issue presented to the jury. In other words, what matters is who "won" and not on how many different grounds they did so. Here, Defendants successfully rebuffed all TrackThings' infringement claims and its demand for a $146 million royalty payment. The Court should grant the motion and enter final judgment in the form Defendants have filed with this motion.

II.  **FACTUAL BACKGROUND**

TrackThings filed its original complaint in July 2021, alleging patent infringement of U.S. Patent Nos. 9,642,017, 9,332,442, and 10,107,893 (the "asserted patents"). *See TrackThings LLC v. Amazon.com, Inc.*, No. 6:21-cv-720 ("720 Case"), Dkt. 1 (July 13, 2021). The Court dismissed that case for lack of standing in February 2023 when it became clear that TrackThings did not own the patents it asserted. (*See* 720 Case, Feb. 17 Hrg. Tr. at 31:4–5.) TrackThings immediately filed this second case alleging patent infringement of the same asserted patents and amended that complaint on July 20, 2023. (Dkts. 1, 47.)

1

On November 20, 2023, Defendants answered the amended complaint, asserting affirmative defenses for noninfringement, invalidity under 35 U.S.C. §§ 102 and 103, and for ineligibility under § 101. (Dkt. 61 at 27–28.) Defendants maintained each defense throughout fact and expert discovery. (*See generally* Dkt. 184-2 (Defendants' Invalidity Contentions); Dkt. 77-13 (Acampora Invalidity Report) ¶¶ 998–1042.) Defendants did not assert any counterclaims in this case.

The jury returned a unanimous verdict that Defendants do not infringe any asserted claim of the asserted patents. (Dkt. 203.) The jury also found that the asserted patents were not invalid and did not "only involve[] activities that were well-understood, routine, and conventional," alone or in ordered combination. (*Id.* at 5.) The parties met and conferred on a proposed form of judgment and could not reach agreement, necessitating this motion.

## ARGUMENT

### I.   DEFENDANTS PREVAILED IN THE CASE.

#### A.   Defendants achieved their litigation objective of defeating TrackThings' infringement claims.

The Supreme Court provided clear instructions for assessing prevailing party status in *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419 (2016). It observed that a plaintiff's objective in any lawsuit is to change to legal relationship between the parties. *Id.* at 420. And thus, a defendant prevails whenever it successfully "rebuff[s]" plaintiff's challenge, "irrespective of the precise reason." *Id.* Applying this principle in the patent context, the Federal Circuit has held that a patent defendant achieves its litigation objective—and thus prevails—when there is no infringement and no award of damages. *See, e.g., Rainiere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) (citing *CRST Van*, 578 U.S. at 420). Defendants here thus "prevailed" in the case when the jury returned a verdict of no infringement for all asserted patents. (Dkt. 203; Trial Tr. at 1234:12–1236:16.) This is the very definition of what it means to prevail as a patent

defendant under the controlling authority.

TrackThings has argued that the jury finding the patents valid means that *no party* prevailed in the case. But that has never been the law. The "court must choose one, and only one, 'prevailing party' to receive any costs award." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). And determining that prevailing party "is based on the relation of the litigation result to the overall objective of the litigation" and has never consisted of "a count of the number of claims and defenses." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (abrogated on other grounds). Thus, "[t]hat other defenses, **such as invalidity of the patent**, were unsuccessful or withdrawn, does not change the outcome in [Defendants'] favor." *Id.* at 1381; *see also United Access Techs., LLC v. EarthLink, Inc.*, No. CIV.A. 02-272-MPT, 2012 WL 2175786, at *4 (D. Del. June 14, 2012) (defendant prevailed based on finding of noninfringement); *Mobile Telecomms. Techs., LLC v. Samsung Telecomms. Am., LLC*, No. 2:13-cv-259-RSP, 2015 WL 5719123, at *1 (E.D. Tex. Sept. 26, 2015) (same).[1]

**B.   TrackThings' authorities do not apply and do not change the result.**

During the conference of counsel, TrackThings cited authorities that purportedly showed that neither party had prevailed because Amazon defeated the infringement claims, but TrackThings' patents remain valid. None of these is applicable.

First, all such authorities predate the Supreme Court decision in *CRST Van* and thus none of them even apply the correct legal test. Instead, they apply the test described in a nearly 30-year-old Federal Circuit precedent, *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178 (Fed.

---

[1] The determination of prevailing party in a patent suit is a matter of Federal Circuit law and not that of the regional circuit. *Mandrila*, 76 F.3d at 1182–83. But applying Fifth Circuit law would yield the same result, because "costs shall be allowed as of course to the prevailing party" and "[a] party need not prevail on all issues to justify an award of costs." *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 131 (5th Cir. 1983).

Cir. 1996) that is no longer relevant to the extent it conflicts with *CRST Van.*

Second, those authorities are distinguishable, because they concern facts where the defendants made an affirmative claim for relief from the court—usually a declaratory judgment claim seeking a declaration of patent invalidity—and lost. *See B. Braun Med., Inc. v. Abbott Laboratories*, 38 F. Supp. 2d 393, 395 (E.D. Pa.), *aff'd*, 230 F.3d 1373 (Fed. Cir. 1999); *see also Synbias Pharma v. Solux Corp.*, No. 11-cv-3035-H (JMA), 2014 WL 12515348, at *2–3 (S.D. Cal. Jan. 7, 2014) (same); *Senior Techs., Inc. v. R.F. Techs., Inc.*, 190 F.R.D. 642, 643 (D. Neb. 2000) (same); *cf. Lifescan Inc. v. Home Diagnostics, Inc.*, No. 96-597-JJF, 2001 WL 1339405, at *2 (D. Del. Oct. 30, 2001) (reasoning based on cases involving claims for declaratory judgment of noninfringement or invalidity). In other words, in those cases it could be argued that both plaintiff and defendant sought affirmative relief from the court, and neither was successful. That is not the case here. Defendants never pursued any counterclaims or sought a declaratory judgment of invalidity or ineligibility.[2] (*See* 720 Case Dkt. 72; Dkt. 61.) They only asserted affirmative defenses, any one of which was sufficient to rebuff TrackThings' claims and achieve Defendants' litigation objective—a finding that they do not infringe.

Third, Federal Circuit authority suggests that those cases were wrongly decided in any event. In *Kinzenbaw v. Case LLC*, No. 05-1483, 2006 WL 1096683, at *2 (Fed. Cir. Apr. 26, 2006), applying the pre-*CRST Van* legal standard, the panel held that the defendant was prevailing party where it defeated plaintiff's infringement claims, even though the defendant had also failed on its declaratory judgment claim.

In sum, none of these stale authorities from other districts warrants this Court departing

---

[2] TrackThings may suggest that Defendants sought affirmative relief by presenting their § 101 defense to the jury over TrackThings' objections. (*See* Trial Tr. at 393:5–16; Dkt. 184 at 1–3; Dkt. 203.) But seeking a fact determination from a jury on question relevant to an affirmative defense does not transform that defense into a counterclaim.

4

from the straightforward test for prevailing party announced by the Supreme Court.

## II.  AS THE PREVAILING SIDE, DEFENDANTS ARE ENTITLED TO RECOVER THEIR COSTS.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing same). "Under this rule, there is a strong presumption 'that the prevailing party will be awarded costs.'" *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-CV-00308-ADA, 2022 WL 1913619, at *1 (W.D. Tex. June 3, 2022) (Albright, J.) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).) "The Fifth Circuit has held that this presumption intended to create *prima facie* entitlement to payment of costs and that the burden of overcoming this presumption shifts to the losing party." *Id.* (citing *Schwarz*, 767 F.2d at 131). Indeed, the Court must articulate a good reason for denying or reducing a prevailing party's request for costs. *Id.*

TrackThings cannot meet its burden to overcome this presumption. To date, it has only argued that Defendants should not receive their costs because TrackThings brought its lawsuit in good faith. But if that provided sufficient grounds to overcome the "strong presumption" for costs, few if any prevailing defendants would qualify because most lawsuits are filed in good faith. Such a reading of the law would impose the far higher exceptional case standard for awarding costs, which contradicts the plain language of Rule 54. *See* Fed. R. Civ. P. 54(d).[3]

---

[3] TrackThings also contends that FRCP 58 requires the Court to enter final judgment *before* addressing the prevailing party and entitlement to costs. TrackThings is incorrect. The final judgment must be a self-contained document, indicating who has won and what relief has been awarded. *See Ludgood v. Apex Marine Corp. Ship Mgmt.*, 311 F.3d 364, 368 (5th Cir. 2002); *see also Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994). By this motion, Defendants do not seek to resolve the collateral issue of *how much* to award in taxable costs. *See Mission Pharmacal Co. v. Molecular Biologicals, Inc.*, No. SA-20-CV-1454-JKP, 2023 WL 2992652, at *1 (W.D. Tex. Apr. 18, 2023). They merely seek a judgment that states the rights of the parties to the litigation—*i.e.*, who won and the relief to which they are entitled.

5

## III.    CONCLUSION

For these reasons, Defendants request that the Court enter the proposed final judgment filed with this motion.

| | |
|---|---|
| Dated: November 15, 2024 | Respectfully submitted,<br><br>  */s/ Eric B. Young*<br>J. David Hadden, CSB No. 176148<br>(Admitted W.D. Tex.)<br>Email: dhadden@fenwick.com<br>Saina S. Shamilov, CSB No. 215636<br>(Admitted W.D. Tex.)<br>Email: sshamilov@fenwick.com<br>Ravi R. Ranganath, CSB No. 272981<br>(Admitted W.D. Tex.)<br>Email: rranganath@fenwick.com<br>Vigen Salmastlian, CSB No. 276846<br>(Admitted W.D. Tex.)<br>Email: vsalmastlian@fenwick.com<br>Allen Wang, CSB No. 278953<br>(Admitted W.D. Tex.)<br>Email: allen.wang@fenwick.com<br>Donna Long, CSB No. 312520<br>(Admitted W.D. Tex.)<br>Email: DLong@fenwick.com<br>Rebecca A.E. Fewkes, CSB No. 209168<br>(*Pro Hac Vice)*<br>Email: rfewkes@fewnwick.com<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA  94041<br>Telephone:   650.988.8500<br>Facsimile:    650.938.5200<br><br>Todd Gregorian, CSB No. 236096<br>(Admitted W.D. Tex.)<br>Email: tgregorian@fenwick.com<br>Eric B. Young, CSB No. 318754<br>(Admitted W.D. Tex.)<br>Email: eyoung@fenwick.com<br>Min Wu, CSB No. 307512<br>(Admitted W.D. Tex.)<br>Email: min.wu@fenwick.com<br>Gregory M. Sefian, CSB No. 341802<br>(*Pro Hac Vice*)<br>FENWICK & WEST LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104<br>Telephone: 415.875.2300<br>Facsimile:   415.281.1350<br><br>Daniel Ledesma, NYSB No. 5564299<br>(Admitted W.D. Tex.)<br>Email: dledesma@fenwick.com |
| *Of Counsel:*<br><br>Deron R. Dacus (TX Bar #00790553)<br>ddacus@dacusfirm.com<br>THE DACUS FIRM, P.C.<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Telephone:  (903) 705-1117<br>Facsimile:   (903) 581-2543 | |

Daniel Rabinowitz, NYSB No. 5549209
(*Pro Hac* Vice)
Email: DRabinowitz@fenwick.com
FENWICK & WEST LLP
902 Broadway, Suite 14
New York, NY  10010-6035
Telephone:  212.430.2600

Jeffrey A. Ware, WA Bar No. 43779
(Admitted W.D. Tex)
Email: jware@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101

Attorneys for Defendants
AMAZON.COM SERVICES LLC and
DEFENDANTS
LLC

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2024 all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system.

                                                 */s/ Eric B. Young*
                                                 Eric B. Young